**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4919**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMUEL JOHNSON BELL, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (CR-03-202)

Submitted:  September 22, 2004      Decided:  August 16, 2005

Before LUTTIG, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wade A. Jacobson, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Samuel Johnson Bell, Jr., appeals his conviction and sentence for distribution of cocaine base, possession with intent to distribute cocaine base, and possession of marijuana in violation of 21 U.S.C. §§ 841, 844 (2000).

Bell argues the evidence was insufficient to sustain the jury's verdict. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). The uncorroborated testimony of one witness or an accomplice may be sufficient to sustain a conviction. United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997).

We conclude there is substantial evidence in the record to uphold Bell's conviction of distribution of cocaine base. Furthermore, because we conclude substantial evidence supports the

jury's finding that Bell was in constructive possession of the cocaine base found in the vehicle he was driving prior to being arrested, we uphold Bell's conviction for possession with intent to distribute cocaine base. See United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980).

Bell next argues the district court erred in not ordering a hearing on whether the jury was impartial after learning that the jury foreperson was wearing a commemorative law enforcement pin during deliberations. Investigation of alleged juror bias or misconduct is left to the discretion of the trial judge. United States v. Peterson, 524 F.2d 167, 177 (4th Cir. 1975). The district court may deal with such claims as it feels the particular circumstances require and will be reversed only for an abuse of its discretion. United States v. Duncan, 598 F.2d 839, 866 (4th Cir. 1979). Because the district court's inquiry into the matter revealed that none of the jurors could recall what was on the pin and that there was no discussion of the pin during deliberations, we conclude the district court did not abuse its discretion when it declined to hold a hearing on the alleged misconduct.

Bell has filed a supplemental brief challenging his sentence under United States v. Booker, 125 S. Ct. 738 (2005). Because Bell did not raise this issue before the district court, we review his argument for plain error. To establish plain error: (1) there must be an error; (2) the error must be plain; and (3) the

error must affect substantial rights.  <u>United States v. White</u>, 405 F.3d 208, 215 (4th Cir. 2005).  If the three elements of the plain error standard are met, we will exercise our discretion to notice the error only if it seriously affects "the fairness, integrity, or public reputation of judicial proceedings."  <u>Id.</u> (citation omitted).  The record in this case, however, reveals no Sixth Amendment error, and no nonspeculative basis for concluding that the court's mandatory application of the guidelines affected Bell's substantial rights.  Having reviewed the sentencing transcript, we find no indication that the district court wished to sentence Bell below the guideline range but was constrained by the guidelines from doing so.  <u>Id.</u> at 223-24.

Accordingly, we affirm Bell's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>